IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 14–43–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| MATTHEW LENNON KEHS, | |
| Defendant. | |

Before the Court is Defendant Matthew Lennon Kehs' Renewed Motion to Terminate Supervised Release Pursuant to 18 U.S.C. § 3583(e). (Doc. 162.) On April 20, 2015, Mr. Kehs was adjudged guilty of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(B). (Doc. 82.) On July 10, 2015, Mr. Kehs was sentenced to imprisonment for 60 months and five years of supervised release. (Doc. 101.) Mr. Kehs now seeks termination of the remaining term of supervised release. The United States defers to the discretion of the Court in resolving this Motion and did not file an opposition. (Doc. 162 at 1.) Mr. Kehs' supervising officer has stated that Mr. Kehs "has not had any issues on supervised release" and does not object to the early termination of his term of supervised release. (*Id.* at 1–2.)

Under federal law, this Court may:

after considering the factors set forth in section 3553(a)(1), (a)(2)(B),

1

>   (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Mr. Kehs began his five-year term of supervised release on July 6, 2018 (Doc. 146-1 at 2), rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Mr. Kehs' supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Mr. Kehs waives it, or if the proposed modification is favorable to him and the United States does not object. The premature termination of Mr. Kehs' supervised release is obviously favorable to him, and the United States had a reasonable opportunity to object and did not do so. (Doc. 162.) Accordingly, the Court will dispose of this matter without a hearing.

sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).  This Court need not discuss every factor, but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 820–21.

The Court finds that consideration of the foregoing factors supports the early termination of Mr. Kehs' remaining term of supervised release.  Mr. Kehs previously moved for early termination of his term of supervised release, and in the Court's order denying the motion, the Court stated that, "if the instant motion were filed at a time when Kehs had completed two-thirds of his term of supervised release and displayed the same record of success on supervision, it would be the Court's strong inclination to grant it."  (Doc. 147 at 1.)  Mr. Kehs has now served more than two-thirds of his supervised release term, and he has continued to succeed.  (Doc. 163 at 2.)  Mr. Kehs has remained sober for six years, he remains employed and is in the process of purchasing a business, he continues to attend addiction meetings after completing formal counseling through Gateway Recovery, and he has complied with all of the terms of his supervised release.  (*Id.* at 2–3.)  Mr. Kehs has amply demonstrated his commitment to, and success in, remaining a

law-abiding citizen and reintegrating into his community.  The Court wishes Mr. Kehs the best of luck.

Accordingly, IT IS ORDERED that the motion (Doc. 162) is GRANTED.

IT IS FURTHER ORDERED that Mr. Kehs' remaining term of supervised release is TERMINATED as of the date of this Order.

The Clerk of Court is directed to notify the United States Probation Office of the making of this Order.

DATED this 20th day of December, 2021.

_____
Dana L. Christensen, District Judge
United States District Court